USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/4/2026____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RIVERKEEPER, INC.,

        Plaintiff,

v.

AMERICAN PAPER MILLS SUPPLY LLC,

        Defendant.

Case No. 7:25-cv-02738-NSR

**CONSENT DECREE**

WHEREAS, Plaintiff Riverkeeper, Inc. ("Plaintiff") is a not-for-profit environmental organization organized under the laws of the state of New York, with its principal place of business in Ossining, New York.

WHEREAS, Defendant American Paper Mills Supply LLC ("Defendant") is a limited liability corporation incorporated under the laws of the State of New York that has an office at 566 North State Road, Briarcliff Manor, NY 10510, and owns and operates the recyclables processing facility located at 15 South Depot Plaza, Tarrytown, NY 10591 ("the Facility").

WHEREAS, Defendant discharges polluted stormwater associated with industrial activities from the Facility into waters of the United States, including the Hudson River, a navigable water of the United States.

WHEREAS, at the Facility, Defendant conducts industrial activities described under the primary Standard Industrial Classification ("SIC") Code 5093, and therefore any discharge of stormwater associated with activities at the Facility is subject to the Multi-Sector General Permit for the Discharge of Stormwater Associated with Industrial Activity ("MSGP") issued by the New York State Department of Environmental Conservation ("DEC"), Permit No. GP-0-23-001.

WHEREAS, Defendant has operated the Facility for many years without coverage under the MSGP or an individual Clean Water Act permit.

WHEREAS, Plaintiff sent a notice of intent to sue Defendant (the "Notice Letter") on January 31, 2025, and filed a complaint (the "Complaint") on April 2, 2025, alleging violations of the Clean Water Act ("CWA") Sections 301 and 402, 33 U.S.C. §§ 1311(a), 1342, by, *inter alia*, discharging polluted stormwater associated with industrial activity without coverage under the MSGP and failing to comply with the conditions of the MSGP, seeking declaratory and injunctive relief, civil penalties, and reasonable attorneys' fees and costs.

WHEREAS, Defendant submitted to DEC a Notice of Intent to be covered under the MSGP on March 18, 2025.

WHEREAS, Plaintiff has entered and inspected the Facility and Plaintiff and Defendant (collectively, "the Parties" or individually "Party") have exchanged information regarding compliance with the Clean Water Act at the Facility.

WHEREAS, without any concession or admission by Defendant it has violated the Clean Water Act, or any concession or admission by Plaintiff that Defendant's implementation of the measures listed below will assure compliance with the terms and conditions of the MSGP and the CWA, the Parties agree that it is in their mutual interest to resolve this matter without the taking of evidence or findings of fact or law, and the Parties would like to avoid prolonged and costly litigation.

WHEREAS, this Decree shall be submitted to the United States Department of Justice and the United States Environmental Protection Agency ("EPA") for the 45-day statutory review period, pursuant to 33 U.S.C. § 1365(c).

NOW, THEREFORE, without the trial of any issue of fact or law, without the admission by Defendant of any of the facts or violations alleged in the Complaint, upon consent of the Parties, and upon consideration of the mutual promises contained herein,

**IT IS HEREBY STIPULATED BETWEEN THE PARTIES AND ORDERED, ADJUDGED AND DECREED BY THE COURT AS FOLLOWS:**

## I.    DEFINED TERMS

The defined terms set forth in the foregoing recitals are hereby incorporated into the body of this Decree and are made a part hereof.  Terms used in this Decree that are defined in the Clean Water Act, its implementing regulations, and the MSGP shall have the meanings assigned to them therein, unless otherwise provided in this Decree.  In addition, the following terms used in this Decree have the meaning set forth below:

1. **Effective Date.**  The date upon which this Decree is entered by the Court.

2. **Term of Decree**.  The period beginning on the Effective Date and ending two (2) years from the Effective Date, unless (i) a payment or other affirmative duty under this Decree is not completed in which case the Decree extends until those obligations are completed; or (ii) there have been significant benchmark exceedances, failures to monitor, or other compliance issues identified by Plaintiff, in which case the Decree extends until the Parties have resolved those issues, or, absent such resolution, they are resolved by the Court through the Dispute Resolution Procedure outlined in Section X.

3. **The Facility**.  The recyclables processing facility located at 15 South Depot Plaza, Tarrytown, NY 10591.

2

4. **SWPPP.** Stormwater Pollution Prevention Plan, as defined in the MSGP.

5. **Operative SWPPP.** The most recent version of the SWPPP. At the time of signing, the Operative SWPPP is the SWPPP attached hereto as Exhibit A.

6. **NOI.** A "Notice of Intent" for coverage under the MSGP.

## II.    JURISDICTION AND VENUE

7. **Jurisdiction.** Jurisdiction over this action is conferred by 28 U.S.C. § 1331 (federal question), 33 U.S.C. § 1365(a) (Clean Water Act jurisdiction). Plaintiff has standing and has complied with the statutory notice requirements under the CWA, 33 U.S.C. § 1365(a)(1), and the corresponding regulations at 40 C.F.R. § 135.2. An actual, justiciable controversy exists between Plaintiff and Defendant. The requested relief is proper under 28 U.S.C. §§ 2201, 2202, and 33 U.S.C. § 1365(a).

8. **Venue.** Venue is properly vested in this judicial district pursuant to 33 U.S.C. § 1365(c)(1) and 28 U.S.C. § 1391(b)(2) because the source of the discharge is located, and a substantial part of the events or omissions giving rise to the claim occurred, within this judicial district.

9. **Consent.** For purposes of this Decree, or any action to enforce this Decree, the Parties consent to the Court's jurisdiction over this Decree and venue in this judicial district.

## III.    COMPLIANCE WITH THE CLEAN WATER ACT AND THE MSGP

10. **Modified SWPPP.** Within thirty (30) days of the Effective Date, Defendant shall modify the site map in the Operative SWPPP as follows: (i) One of the two different outfalls labeled as Outfall 004 shall be renumbered as an additional outfall or, alternatively, if one of those two outfalls is sealed off, the site map shall be revised to reflect the elimination of an outfall; and (ii) One or more arrows shall be added to the site map indicating the direction of stormwater flow towards the compactor area, building, and Outfalls 002 and 003.

11. **Modified NOI.** Defendant will submit a modified NOI, in accordance with MSGP Part I.D.3, to DEC, within thirty (30) days of the Effective Date, and shall provide Plaintiff with a copy of the modified NOI upon submission. The modified NOI shall, at minimum, adjust the outfall and drainage area information set forth in Defendants' current NOI, and otherwise reflect the Operative SWPPP. Defendant shall provide a copy of DEC's letter acknowledging modification of the NOI to Plaintiff upon receipt.

12. **Compliance with SWPPP and the MSGP.** Defendant will implement the Operative SWPPP at the Facility in compliance with the terms of the MSGP, which is hereby incorporated into this Decree, and the Clean Water Act. Defendant will comply fully with the MSGP and any permit modification or MSGP reissuance applicable to the Facility during the Term of Decree. A failure to adhere to the Operative SWPPP or the MSGP is a violation of this Decree.

3

13. **SWPPP Implementation.**  The Operative SWPPP attached hereto as Exhibit A shall be fully implemented three (3) months after the Effective Date. Defendant shall provide Plaintiff with an Implementation Report, prepared by a qualified stormwater professional, attesting to implementation of the Operative SWPPP within thirty (30) days of completion.  The Report shall include:
   a. A summary of Best Management Practices ("BMPs"), including those implemented after January 31, 2025;
   b. Photographs of all BMPs, including those implemented after January 31, 2025;
   c. A certification that the professional has visited the Facility in the month prior to submission of the Implementation Report;
   d. A certification that, during the professional's last visit, all BMPs described in the SWPPP were in good working order and all housekeeping measures appeared to be taking place.

14. **SWPPP or NOI Amendments.**  If, during the Term of Decree, Defendant amends the SWPPP or its NOI, or is required to amend the SWPPP or NOI for any reason, including but not limited to the reasons enumerated in the MSGP, Defendant shall provide written notice to Plaintiff within five (5) business days of the amendment and shall provide Plaintiff with all documents related to such amendment.  BMPs in the Operative SWPPP attached hereto as Exhibit A may not be removed without Plaintiff's approval.

15. **Implemented Stormwater Controls.**  Defendant shall maintain in good working order all stormwater collection and treatment systems currently installed or to be installed pursuant to this Consent Decree, including but not limited to existing housekeeping measures.

## IV.    MONITORING PROGRAM

16. **Additional Monitoring.**  In addition to the inspections, monitoring, and reporting required under the MSGP and set forth in the Operative SWPPP, Defendant agrees to perform the following additional monitoring described herein during the Term of Decree.

17. **Sampling Points.**  The sampling points shall be those described in the Operative SWPPP.

18. **Sampling Frequency.**  Defendant will sample and analyze stormwater discharges from one qualifying storm event that results in discharge in each quarter for all applicable benchmarks and numeric effluent limitations.

19. **Sampling Methodology.**  Defendant will take samples at each sampling point in a manner that is consistent with the requirements and protocols set forth in the MSGP. Samples shall be taken from surface runoff at each outfall, without commingling of stormwater from MS4 pipes originating offsite or roof drains, and shall take samples after the stormwater has passed through any filtration media.  Defendant may report this sampling as part of the stormwater monitoring required by the MSGP.

20. **Recordkeeping.** Defendant will comply with the reporting and recordkeeping requirements of the MSGP. Defendant shall maintain written documentation at the Facility describing all inspections and assessments required under applicable provisions of the MSGP or of this Decree.

21. **Photographs of Quarterly Inspections.** While conducting routine quarterly inspections of BMPs (required by Part IV.B of the MSGP) and quarterly visual monitoring (required by Part IV.E of the MSGP), Defendant will photograph:
     a. Each BMP;
     b. Any deficiencies in the implementation and/or adequacy of the BMPs;
     c. Each visual monitoring sample in a completely clear and transparent container, with a view from above and from the side of the container; and
     d. Any corrective actions taken in accordance with Part V of the MSGP.

22. **Annual Reporting to Plaintiff.** Defendant will send to Plaintiff a copy of every inspection record made, every sampling result and photograph taken, every BMP maintenance log, and every employee training log produced in accordance with the SWPPP and the MSGP during the Term of Decree once per calendar year, no later than February 1 of the following year or on the last day during which this Decree is in effect, whichever is sooner ("Annual Reporting Period").

    Within thirty (30) days of the Effective Date, Defendant shall provide copies of the following documents to Plaintiff: (i) The revised NOI submitted to DEC in 2025 together with DEC's letter acknowledging modification of the NOI; (ii) All laboratory reports for 2025 benchmark sampling; (iii) The 2025 annual comprehensive site compliance inspection and evaluation reports required by Part IV.A of the MSGP; (iv) The 2025 reports of routine quarterly inspections required by Part IV.B of the MSGP; (v) The completed 2025 Quarterly Visual Monitoring Forms required by Part IV.E of the MSGP; (vi) The completed 2025 Storm Event Data Forms required by Part IV.D.3 of the MSGP; (vii) The 2025 dry weather flow inspection reports required by Part IV.C of the MSGP; (viii) The completed 2025 Corrective Action Forms for Semi-Annual Benchmark Monitoring Exceedances and any other corrective action documentation required by Part V.C of the MSGP; and (iv) the Annual Certification Report required by Part VI.A.1 of the MSGP.

23. **Provision of Government Documents to Plaintiff.** During the Term of Decree, Defendant shall provide Plaintiff with copies of any documents or correspondence that are exchanged with any government agency, including but not limited to DEC and EPA, that are related to discharges of pollution from the Facility to waterbodies or sewers of any kind or Clean Water Act compliance.
     a. Routine inspection reports, monitoring data and reports, and certifications shall be submitted to Plaintiff on or before February 1 of the following year or on the last day during which this Decree is in effect, whichever is sooner, including but not limited to:

       i.   Documents and correspondence related to Defendant's SPDES/NPDES permit coverage at the Facility;

      ii.   Annual reports, including the Annual Certification Report required under the MSGP; and

     iii.   Monitoring or sampling data.

b.   Records of an exceedance, permit violation, government inspection report, or public or government complaint regarding the Facility shall be submitted to Plaintiff within five (5) business days, including, but not limited to:

      i.   Data related to discharges of industrial wastewater or industrial stormwater to the sanitary sewer system, if any; and

      ii.   Reports of spills or other incidents that may result in discharge of pollutants to a waterbody or sewer;

     iii.   Documents relating to inspections conducted by any governmental agency that relate to industrial wastewater or industrial stormwater; and

     iv.   Any record of a complaint received by the government regarding the Facility.

## V.    COMPLIANCE OVERSIGHT

24. **Reporting Exceedances of Numeric Effluent Limitations and Benchmark Monitoring Cutoff Concentrations.** Notwithstanding the annual reporting schedule set forth in Section IV, if at any point during the Term of Decree the analytical results of any sample for any parameter exceeds any applicable *numeric effluent limitation* or *benchmark monitoring cutoff concentration* established in the MSGP, Defendant shall report the event to Plaintiff and provide the analytical results within five (5) business days of receiving the analytical results.

25. **Corrective Action Plan.** Where an effluent limitation or benchmark monitoring cutoff concentration is exceeded, where a violation of the Operative SWPPP or the MSGP is identified, or when Plaintiff provides Defendant notice of non-compliance with the terms of this Decree, Defendant agrees to take responsive actions to improve stormwater management practices, including re-evaluating structural and non-structural BMPs and considering additional BMPs aimed at curing the violation and/or reducing pollutant levels observed in samples. Within sixty (60) days of discovering such exceedance or non-compliance, Defendant shall provide Plaintiff with a Corrective Action Plan containing the following information:

a.   Identification of any constituent that experienced an exceedance and/or the condition that caused the violation or non-compliance;

b.   Explanation of the possible cause(s) and/or source(s) of the exceedance, violation, or non-compliance; and

c.   Responsive actions to improve stormwater management practices, including modified or additional feasible BMPs to be considered to further reduce the possibility of future exceedance(s) or violations, and the proposed dates that such actions will be taken.

6

Defendant shall complete all responsive actions within twelve (12) weeks of discovery, unless Plaintiff concurs to an extended timeline for completion. Any concurrence or failure to object by Plaintiff shall not be deemed to be an admission of the adequacy of such measures.

26. **Site Inspections.** Defendant agrees to grant site access to representatives of Plaintiff, including consultants acting on its behalf, to inspect the Facility for compliance with the MSGP and this Decree up to one (1) time per quarter (i.e., four (4) times per year) during the Term of Decree (a "Site Inspection").

The Site Inspection shall occur during normal business hours. Plaintiff shall provide Defendant with as much notice as possible, but at least forty-eight (48) hours' notice prior to a Site Inspection during wet weather, and seventy-two (72) hours' notice prior to a Site Inspection during dry weather.

During a Site Inspection, Defendant shall allow Plaintiff and/or its representatives access to all parts of the Facility and the Facility's SWPPP, stormwater monitoring records, and nonprivileged reports and data related to stormwater monitoring at the Facility. During a Site Inspection, Plaintiff's representatives may collect samples of stormwater, sediment, materials, or other substances. Plaintiff shall be permitted to take photographs and/or video recording during any Site Inspection pursuant to this Paragraph. If Plaintiff takes photographs and/or video recording, Plaintiff shall provide Defendant with the photographs and/or video within fourteen (14) days after the Site Inspection.

Should any noncompliance with the MSGP or the terms of this Decree be noticed by Plaintiff, Defendant will provide the opportunity for one (1) additional site visit per month until the Facility is fully compliant with the MSGP and this Decree. Defendant does not through this process admit that the noncompliance alleged by Plaintiff has occurred, and Defendant retains the right to contest any alleged violations.

## VI.    PAYMENTS FOR ENVIRONMENTALLY BENEFICIAL PROJECTS AND LITIGATION COSTS

27. **Environmentally Beneficial Project ("EBP").** Defendant shall pay a sum of thirty-five thousand dollars ($35,000) to Hudson Valley Stream Conservancy (the "EBP Recipient") for use on projects relating to the reduction, mitigation, and/or remediation of the effects of stormwater pollution or environmental restoration of, or other benefit to, the Hudson River watersheds. Defendant has placed the payment in escrow with Defendant's attorney. Defendant hereby authorizes and instructs Defendant's attorney to transfer the payment to the EBP Recipient within ninety (90) days of the Effective Date by check or electronic transfer. A check shall be sent via certified mail, or similar service with tracking. Defendant shall concurrently notify Plaintiff that payment has been sent to the EBP Recipient and provide the tracking number. None of this payment shall be disbursed to Plaintiff.

28. **Stipulated Additional EBP.** Should Defendant fail to provide information or any required documentation to DEC or Plaintiff by the deadlines required by the MSGP or

7

this Decree, Defendant shall make an additional payment of one-hundred dollars ($100) for each day of failure to provide information and/or documentation and/or missed deadline.  Payments shall be made to the EBP Recipient in the manner specified above. Payment of each additional amount shall be aggregated and paid in a lump sum by June 30 of each year.  Defendant shall concurrently notify Plaintiff each time a payment is made and provide a copy of each check and the tracking number.  None of these payments shall be disbursed to Plaintiff.

29. **Fees, Costs, and Expenses.**  Defendant shall pay a sum of fifty-two thousand five hundred dollars ($52,500) as full and complete satisfaction of Plaintiff's claims for attorneys' fees and costs incurred to date, including investigative and expert costs. Defendant has placed the payment in escrow with Defendant's attorney.  Defendant hereby authorizes and instructs Defendant's attorney to transfer the payment to Super Law Group within thirty (30) days of the Effective Date by check or electronic transfer. A check shall be sent via certified mail, or similar service with tracking, and shall be payable to "Super Law Group, LLC Attorney Trust - IOLA".  Payments will be deposited in Super Law Group's IOLA Trust Account for the benefit of Plaintiff.

**Compliance Oversight Fees and Costs.**  Plaintiff will incur costs in order to monitor Defendant's compliance with this Decree, including but not limited to costs incurred by Plaintiff or their counsel or consultants to conduct site inspections, collect or review water quality sampling data, review annual reports, and discuss with representatives of Defendant any potential changes to compliance requirements, preparation and participation in mediation, and similar activities. To help defray these costs, Defendant agrees to reimburse Plaintiff for its reasonable fees and costs for Plaintiff's legal counsel and environmental consultant, consistent with fee recovery standards and practices of this Court.

If any Corrective Action Plan is due within an Annual Reporting Period, Defendant shall reimburse Plaintiff up to but not exceeding ten thousand dollars ($10,000) for that period.  If no Corrective Action Plan is due within an annual reporting period, Defendant shall reimburse Plaintiff up to but not exceeding three thousand dollars ($3,000) for that period.

Plaintiff shall provide Defendant with an invoice for any fees and costs incurred in overseeing the implementation of this Decree for each Annual Reporting Period. Defendant shall have fourteen (14) days from receipt of any such invoice to object to the sum claimed.  Payments shall be due within forty-five (45) days of submission of such invoice.  A check shall be sent via certified mail, or similar service with tracking, and shall be payable to "Super Law Group, LLC Attorney Trust – IOLA".  Payments will be deposited in Super Law Group's IOLA Trust Account for the benefit of Plaintiff.

## VII.   EFFECT OF DECREE

30. **Plaintiff's Release of Liability.**  Upon Court approval and entry of this Consent Decree, Plaintiff covenants not to sue and releases Defendant (including its representatives, assigns, agents, employees, officers, attorneys, and consultants) from any and all claims,

causes of action, or liability under CWA Section 505, 33 U.S.C. § 1365, (a) relating to or resulting from allegations and claims set forth in the Notice Letter, and (b) for any past violations at the Facility of the Clean Water Act's stormwater provisions that were alleged or that could have been alleged in the Complaint. This Paragraph does not constitute a waiver or release of any claims relating to the enforcement of this Decree.

31. **Defendant's Releases of Liability.** Defendant releases and discharges Plaintiff (including its representatives, assigns, agents, employees, officers, attorneys, and consultants, including those who have held positions in the past) from any and all claims, liability, demands, penalties, costs, and causes of action of any nature which concern or are connected with this action.

32. **Compliance with Law.** The requirements of this Consent Decree do not relieve Defendant of any other obligations required by any federal, state, or local law, regulation, permit, or other requirement. By consenting to this Decree, Plaintiff does not warrant or aver in any manner that Defendant's compliance with this Decree constitutes compliance with all federal, state, or local laws that may apply.

33. **Force Majeure.** If implementation of the actions required by this Decree within the required deadlines becomes impossible due to circumstances beyond a Party's control, despite the timely good faith efforts of the Party, the Party who is unable to comply shall notify the others in writing within five (5) business days of the date that the inability to comply becomes apparent and shall describe the reason for the non-performance. A Force Majeure shall not include normal inclement weather, economic hardship, inability to pay, or employee negligence. The Parties agree to meet and confer in good faith concerning the non-performance and, where the Parties concur that performance was or is impossible, despite the timely good faith efforts of the Party, new compliance deadlines shall be established. If the Parties cannot timely agree upon such terms, the Parties shall follow the Dispute Resolution Procedure outlined in Section X.

## VIII.   FEDERAL REVIEW OF DECREE

34. **Review by United States.** The Parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), this proposed Consent Decree cannot be ordered by the Court until forty-five (45) days after the receipt of a copy of the proposed Decree by the Attorney General of the United States and the Administrator of the EPA. Therefore, upon signing of this proposed Decree by the Parties, Plaintiff shall serve copies of this proposed Decree upon the EPA Administrator, the Regional EPA Administrator, and the Attorney General for review, as required by 40 C.F.R. § 135.5.

35. **Entry of Order.** After expiration of the forty-five (45) day review period provided by 33 U.S.C. § 1365(c)(3), the Plaintiff shall move, on consent of Defendant, for the Court for entry of this proposed Consent Decree. If for any reason the Court should decline to approve this proposal in the form presented, including but not limited to declining to retain jurisdiction through the Term of Decree, then this agreement and consent to such order shall be null and void. The Parties agree to continue negotiations in good faith to cure any objection or concern to entry of this proposed Decree raised by the Court.

9

## IX.    MODIFICATION AND ENFORCEMENT OF DECREE

36. **Modification in Writing.**  This Decree may be modified only upon written consent of the Parties and the approval of the Court.

37. **Continuing Jurisdiction of the Court.**  This Court shall retain and shall have jurisdiction over the Parties to this Decree for the resolution of any disputes that may arise under this Decree.  This Court shall also allow this action to be reopened for the purpose of enabling the Parties to this Decree to apply to the Court for any further order that may be necessary to construe, carry out, enforce compliance and/or resolve any dispute regarding the terms or conditions of this Decree.  If for any reason the Court should decline to retain jurisdiction, this Decree shall be null and void.

## X.    DISPUTE RESOLUTION PROCEDURE

38. **Meet and Confer.**  Any disputes arising under any of the provisions of this Consent Decree shall be, in the first instance, the subject of informal negotiations between the Parties affected by the dispute to attempt to resolve such dispute.

39. **Motion.**  If a dispute between the Parties cannot be resolved by informal negotiations, a Party may file a motion with the Court seeking resolution of the dispute.  The motion shall set forth the nature of the dispute and a proposal for its resolution.  The other Party shall have thirty (30) days to respond to the motion and propose an alternate resolution.

40. **Notice.**  The moving Party shall provide the other Party with seventy-two (72) hours written notice prior to initiating court proceedings to enforce this Decree.

41. **Fee Awards.**  In resolving any dispute arising from this Agreement, the Court may award attorneys' fees and costs consistent with the Clean Water Act.

42. **Remedies.**  The Parties acknowledge and agree that specific performance, declaratory relief, and injunctive relief are the only appropriate remedies for any breach of this Agreement, and under no circumstances shall monetary damages be allowed for any breach of this Agreement.  EBPs, awards of fees and costs, and/or penalties payable to the U.S. Treasury are not damages.

## XI.    MISCELLANEOUS PROVISIONS

43. **Entire Agreement.**  This Decree constitutes the entire agreement among the Parties concerning the subject matter hereof and supersedes all previous correspondence, communications, agreements, and understandings, whether oral or written, among the Parties.

44. **Notices.**  Any notice, demand, copies of documents, or other communications required to be made under the provisions of this Decree (collectively, "Notices") by any Party hereto shall be effective only if in writing.  Notices shall be directed to the Parties at

10

their respective addresses set forth below.  Notices given in the foregoing manner shall be deemed given: (a) if delivered by courier, when actually received or refused by the addressee; (b) if mailed, on the day of actual delivery as shown by the addressee's registered or certified mail receipt or at the expiration of three (3) business days after the date of mailing, whichever first occurs; or (c) if e-mailed, when acknowledged by the addressee.  Each Party shall promptly notify the other Party of any change in this contact information, including but not limited to a change in representation.

| Notice for Plaintiff shall be sent to: | Notice for all Defendant shall be sent to: |
|---|---|
| Reed W. Super<br>Reed@superlawgroup.com<br>and<br>Andie Altchiler<br>Andie@superlawgroup.com | Paul Casowitz<br>Pcasowitz@sprlaw.com<br>and<br>Michael Hannaman<br>mhannaman@sprlaw.com |
| Super Law Group, LLC<br>250 Broadway, 24th Floor<br>New York, NY 10007 | Sive, Paget & Riesel P.C.<br>560 Lexington Avenue, 15th Floor<br>New York, NY 10022 |
| Notices sent to the individuals listed above at the address listed above shall be deemed as notice to Plaintiff. | Notices sent to the individuals listed above at the addresses listed above shall be deemed as notice to all Defendant. |

45. **Successors and Assigns.**  This Decree shall be binding upon and inure to the benefit of the Parties and their respective representatives, heirs, executors, administrators, successors, officers, directors, agents, attorneys, employees and permitted assigns.

46. **Transfer of Ownership.**  No transfer of ownership or operation of the Facility shall relieve Defendant of its obligation to implement the terms of this Decree unless (a) at least thirty (30) days prior to any transfer, Defendant provides notice of the proposed transfer to Plaintiff and provides a copy of this Decree to the transferee; (b) the transferee agrees to undertake the obligations herein; and (c) the Parties move to amend this Decree to substitute the transferee for Defendant in this Decree.

47. **Interpretation.**  The provisions contained herein shall not be construed in favor of or against any Party because that party or its counsel drafted this Decree, but shall be construed as if all Parties prepared this Decree, and any rules of construction to the contrary are hereby specifically waived.  The terms of this Decree were negotiated at arm's length by the Parties hereto.

48. **Headings.** The section and paragraph headings contained in this Decree are for reference purposes only and shall not affect in any way the meaning or interpretation of this Decree.

49. **Authorization.** Each person signing this Decree certifies that they are fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party on whose behalf it is indicated that the person is signing.

50. **Counterparts.** This Decree may be signed in counterparts, and its validity shall not be challenged on that basis.

51. **Findings.** The Parties attest and the Court, by entering this Consent Decree, finds that this agreement has been negotiated by the Parties in good faith; that settlement of this matter is in the public interest and in accordance with the Clean Water Act; and entry of this Consent Decree is fair and reasonable.

## XII.    EXHIBITS

52. The following Exhibits are attached to this Decree and made a part hereof:

   a.   Exhibit A: Stormwater Pollution Prevention Plan
   b.   Exhibit B: Guidance Schedule

Dated: _____1/14/26_____          American Paper Mills Supply LLC


_____
By:
Title: President


Riverkeeper, Inc.


Dated: 1/14/2026          _____
By: Ellie Carl
Title: Legal Fellow


The Clerk of Court is kindly directed to terminate the motion at ECF No. 16 and this action.


ENTERED and DATED this 4th day of March, 2026.


Dated: March 4, 2026          _____
White Plains, New York          Honorable Nelson S. Roman
                                U.S. District Court Judge, S.D.N.Y.